**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2019*
Decided May 23, 2019

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 19-1869

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 12-cr-30239 |
| | |
| ANTWON D. JENKINS, | Staci M. Yandle, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

We stayed Antwon Jenkins's direct appeal from his conviction under 18 U.S.C. § 924(c)(1)(A)(ii) because the Supreme Court is currently considering a challenge to that statutory provision. On February 1, 2019, we affirmed the district court's denial of several motions Jenkins filed requesting copies of motions and briefs filed during his prosecution. *United States v. Jenkins*, 750 F. App'x 486 (7th Cir. 2019).

---

* After examining the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the record. *See* Fed. R. App. P. 34(a)(2).

Jenkins subsequently filed a variety of other motions on the district court docket. He seeks a new trial, clarification on the length of sentence he has yet to serve, release pending resentencing, complimentary copies of court documents, and a deferment of his restitution payments until after resentencing. The district court denied each motion.

None of these motions merit extended discussion. He filed the motion for a new trial, citing newly discovered evidence, over four years after his conviction. Federal Rule of Criminal Procedure 33(b) requires defendants to file such motions within three years of the guilty verdict. And Rule 33(b) further specifies that, if an appeal is pending, the district court may not grant a new trial until court of appeals remands the case. *Id.* Jenkins cannot obtain relief under Rule 33(b).

The district court properly denied Jenkins's requests for documents and information for the reasons given in our order of February 1, 2019, and the district court's decision. And the district court also correctly denied his motions for release pending resentencing and to halt restitution payments. The jury convicted Jenkins of kidnapping and using a firearm to commit a federal crime of violence. His direct appeal challenges only the second conviction. He was sentenced to 188 months on the kidnapping count and ordered to compensate his victim for medical expenses. The direct appeal will not affect the sentence or restitution stemming from Count 1, and so the court properly denied these motions.

We AFFIRM the district court's order of April 22, 2019, denying Jenkins's motions.